Sandra WORTHINGTON, Plaintiff
& Counterclaim Defendant,

v.

UNITED STATES of America, Defendant
& Counter-claimant.

Addie B. Worthington, Additional
defendant on counterclaim.

No. 93–116–CIV–4–F.

United States District Court,
E.D. North Carolina,
Eastern Division.

Dec. 21, 1994.

Trawick H. Stubbs, Jr., James M. Ayers, II, New Bern, NC, for plaintiff.

R.A. Renfer, Jr., Asst. U.S. Atty., Office of U.S. Atty., Raleigh, NC, Thomas Holderness, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

JAMES C. FOX, Chief Judge.

This matter is before the court by petition of the Worthingtons for Attorney's Fees. The United States has filed its objection and the matter is ripe for disposition.

Summary judgment was entered on behalf of Sandra Worthington and Addie B. Worthington against the United States by order of September 21, 1994, because the court determined the Worthingtons had demonstrated that Addie was an "innocent spouse" as that term is defined in 26 U.S.C. § 6013(e). The United States' Motion for Reconsideration was denied on October 19, 1994.

The Worthingtons' attorney has submitted an affidavit in support of his petition, filed pursuant to 26 U.S.C. § 7430, for an award of attorney's fees and costs as a "prevailing party." The United States objects to characterization of the Worthingtons as a "prevailing party," to the hourly rates they seek to have applied, to some of the hours submitted, to most of the expenses sought to be recovered, and to the entirety of an accountant's fee.

 The United States' primary objection to the "prevailing party" status afforded the Worthingtons is its contention that its position in this litigation was substantially justified. It contends that Addie failed to prove that the tax deficiencies in question constituted a "substantial understatement" arising from "grossly erroneous items." 26 U.S.C. § 6013(e). The United States cites *Purcell v. Commissioner,* 826 F.2d 470 (6th Cir.1987), *cert. denied,* 485 U.S. 987, 108 S.Ct. 1290, 99 L.Ed.2d 500 (1988), which explains that the "grossly erroneous" test under § 6013(e)(1)(B) requires more than a showing that a deduction was disallowed in the tax year in question. In *Purcell,* the court noted that the term had been interpreted by the Tax Court to describe deductions which are "fraudulent," "frivolous," "phony" or "groundless." *Id.* at 475–76 (citations omitted). *See also id.* at 476 (Jones, J., concurring).

This court did not perceive until now that the Government is asserting the position that the tax deficiency in question was not a "substantial understatement" which arose from "grossly erroneous items." Throughout this litigation, the court has been under the impression that the deficiency had occurred over a period of time within the context of transactions which ultimately led to John T. Worthington, Sr.'s, federal criminal conviction for making a false statement to a federally insured bank, thus bringing the deficiency within the statutory definition of having arisen from "grossly erroneous items." That the Government now apparently contends otherwise has not been apparent to the court, in that the pleadings reveal the IRS is seeking to collect a $351,525.55 deficiency which it alleges accrued during seven tax years—an average understatement of $50,217.94 per year.

If this court has so erred, the Fourth Circuit Court of Appeals will rule accordingly.[1] On the present record, however, this court finds that plaintiff and counterclaim defendant, Sandra Worthington, and additional defendant on Counterclaim, Addie B. Worthington, are entitled to an award of reasonable attorney's fees as prevailing parties pursuant to 26 U.S.C. § 7430.

[3] Initially, the Worthingtons sought a total award of $12,901.87, representing 120 hours of attorney and paralegal time, $551.87 in out of pocket expenses, and $1,000.00 accountant's fees. The attorney hours were billed at rates ranging from $90.00 for junior associates to $150.00 for partners; paralegal hours were billed at $50.00. However, attorneys fees awarded under § 7430 "shall not be in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate." 26 U.S.C. § 7430(c)(1)(B). Because the Worthingtons have made no proffer of an increase in the cost of living or of any special factor justifying the rates requested, this court is limited by statute to $75.00 per hour.

The Worthingtons have acknowledged that some of the hours initially submitted should

---

1. This court's rulings currently are on appeal to the Fourth Circuit Court of Appeals.

not be assigned to this litigation. According to their Amended Petition, a total of 8.75 hours should be deleted, resulting in 111.25 hours for legal services. Of those, 3.4 hours were expended by paralegals at $50.00 per hour. Thus, it appears that a total of 107.85 attorney hours appropriately are attributable, at the rate of $75.00 per hour, for a subtotal of $8,088.75. To that is added $170.00 in paralegal hours, for a total of $8,258.75 in legal fees.

 The United States objects to the inclusion of a $1,000.00 fee for accounting services rendered by John I. Whitfield, Inc., Accountants, because such an expense is not listed among those included in "reasonable litigation costs" in the statute. The statute provides for recovery of "reasonable court costs," "reasonable expenses of expert witnesses," "reasonable cost of any study, analysis, engineering report, test, or project ... found by the court to be necessary," and reasonable attorney's fees. 26 U.S.C. § 7430(c)(1).

The Worthingtons have proffered no explanation or argument as to the applicability of the statutory provisions to their request for accountant's fees, and the United States contends such fees are not recoverable. In the absence of supporting argument by the applicants, the court DISALLOWS the accountant's fee request for $1,000.00.

Likewise, the United States objects to inclusion of expenses incurred beyond the filing fee and copy costs, as not authorized by law, and, likewise, the Worthingtons have not argued to the contrary. Accordingly, the court allows $198.65 for photocopying costs and the filing fee.

Therefore, pursuant to 26 U.S.C. § 7430, the United States is hereby ORDERED to pay to counsel for the Worthingtons the sum of $8,457.40 which the court finds represents reasonable court costs and reasonable attorney's fees in connection with this court proceeding.

SO ORDERED.